IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GEORGE MCQUIRE,**

    **Plaintiff,**

vs.	Case No. 4:12cv399-RS/CAS

**FLORIDA LOTTERY COMMISSION,**
**et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

The pro se Plaintiff has submitted a complaint, doc. 1, and a motion to proceed in forma pauperis, doc. 2. Good cause having been shown, the motion is granted. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff filed a civil rights complaint against eight Defendants and generally complains that he won the lottery four times while in Orlando. Doc. 1 at 3. Plaintiff says the tickets were stolen from him. *Id.* Although not entirely clear, it appears that Plaintiff purchased the tickets from a store that was run by family members and when Plaintiff went to the store to cash in the winning ticket, he was told to go to the lottery office in Tallahassee. *Id.* However, in Tallahassee he was told to return to the store to claim his money. *Id.* When Plaintiff returned, he could not find several of the named Defendants. *Id.* Plaintiff alleges that a man whose name is "Izner stole the ticket and took it to the

courthouse [and] gave it to the Florida Lotto [and] the State of Florida." *Id.* Plaintiff's complaint does not allege how much Plaintiff won, but in his request for relief he seeks 19 million dollars and 72 thousand dollars. *Id.* Moreover, Plaintiff does not state when any of these events took place. *Id.*

There is no need to require Plaintiff to submit an amended complaint to clarify any of the allegations because an amendment would be futile. Plaintiff's allegations do not reveal the denial of any constitutional right, nor has Plaintiff named a Defendant who may be held liable under 42 U.S.C. § 1983.

Section 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'" Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998). Thus, to obtain relief, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000). All of Plaintiff's named Defendants with the exception of the Florida Lottery, appear to be private citizens and are not state actors. Furthermore, to state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right privilege, or immunity protected by the Constitution or laws of the United States." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986), *quoting* Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Even if Plaintiff had named an appropriate person as the Defendant in this case, Plaintiff has not alleged that the Defendant deprived him "of a right secured by the 'Constitution and laws' of the United States." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) *quoting* Adickes v. S. H. Kress & Co., 398 U.S.

144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).  Theft by private persons is not a violation of the Constitution.  This case must be dismissed for failure to state a claim and because it is frivolous.

As for Plaintiff's naming the Florida Lottery as a Defendant, that is not sufficient either because the Lottery, a state agency, is not a "person" that may be sued under § 1983.  Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989).  Furthermore, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment.  Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990).  There, Plaintiff may not sue the Florida Lottery in this Court and Plaintiff's claim against that Defendant must also be dismissed.

Finally, judicial notice is taken that Plaintiff's claims in this Court would be barred by res judicata.  A federal court gives "preclusive effect to the judgment of a state court provided that two conditions are met: (1) the courts of the state from which the judgment emerged would do so themselves; and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process."  Shields v. Bellsouth Adver. & Publ'g Co., Inc., 228 F.3d 1284, 1288 (11th Cir. 2000), *cited in* Quinn v. Monroe County, 330 F.3d 1320, 1329 (11th Cir. 2003).  In applying this doctrine, this Court must apply the law of Florida.

Wood v. Kesler, 323 F.3d 872, 879-80 (11th Cir. 2003), *cited in* Quinn, 330 F.3d at 1328, n.8; *see* Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003). "Under Florida law, collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction." Quinn, 330 F.3d at 1329.  The doctrine of res judicata, whether described as collateral estoppel, issue preclusion, or res judicata, forecloses relitigation of matters actually or potentially litigated in an earlier lawsuit.  David Vincent, Inc. v. Broward County, 200 F.3d 1325, 1331 n.10 (11th Cir. 2000); Quinn, 330 F.3d at 1328.  In other words, res judicata bars the filing of claims which "could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).  Judicial notice is taken that Plaintiff previously sought to obtain his lottery winnings in state court, having filed case no. 08-CA-3853 in the Circuit Court of the Second Judicial Circuit, in and for Leon County.  Plaintiff filed a notice of appeal with the First District Court of Appeal in June 2009, case no. 1D09-3137, which was dismissed on September 30, 2009, because the dismissal was without prejudice to Plaintiff's filing an amended complaint.  Thereafter, the circuit court docket reveals that Plaintiff's case was dismissed with prejudice on November 3, 2009, because Plaintiff failed to file an amended complaint.  Case no. 08-CA-3853.  Plaintiff then filed another notice of appeal in December 2009, which was dismissed per curiam on February 8, 2010, case no. 1D09-6212.  Plaintiff then sought review in the Florida Supreme Court, and the Second Circuit's docket reveals the writ of mandamus was denied on June 10, 2010.  Plaintiff has already attempted to litigate this issue against

the Florida Lottery and has had a final decision.  Plaintiff may not re-litigate the case in this Court.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for in forma pauperis status, doc. 2, is **GRANTED**.

2. The Clerk shall file the complaint, doc. 1, without requiring payment of the filing fee.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted, because it is frivolous, and because it is barred by the doctrine of res judicata.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**